IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Deborah Thiel,<br>Donnie Garrison,<br><br>   Plaintiffs,<br><br>vs.<br><br>EquityExperts.Org, LLC,<br>a Michigan company, and<br>Michael Novak,<br><br>   Defendants. | Case No.: 0:18-cv-01458-SRN-TNL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COME THE PLAINTIFFS, DEBORAH THIEL AND DONNIE GARRISON, BY AND THROUGH COUNSEL, Douglas Twait, and for their Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Elk River, Sherburne County, Minnesota.

3. Venue is proper in the United States District Court in Minnesota.

1

## PARTIES

4. Plaintiffs are natural persons residing in City of Elk River, Sherburne County, Minnesota. The Plaintiffs are married.

5. Defendant EquityExperts.Org, LLC ("EE") is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

6. Michael Novak, upon information and belief, owns, manages and/or controls co-Defendant EE and controls its day to day operations. He creates, implement and directs the collection policies and procedures for EE. He has been instrumental in collecting or attempting to collect illegal charges from the Plaintiffs along with EE.

## GENERAL ALLEGATIONS

7. At all times relevant to this complaint, Plaintiffs owned and resided in condominium that was part of a home owners association called the Trout Brook Home Association ("HOA"). As part of their obligation to the HOA, Plaintiffs were required to pay the sum of $152 per year.

8. Plaintiffs was late in paying his debt to the HOA by several months. Indeed, as of February 2017, Plaintiffs owed the HOA the sum of $235 ("the Debt").

9. The HOA eventually turned the collection of the Plaintiffs' balance over to Defendant Equityexperts.org ("EE").

10. EE's business model, as developed by Novak, is to either purchase unpaid HOA dues from HOAs or to act as their collection agents. Because the debts collected by the Defendant are incurred primarily by consumers for personal, family and/or household use, EE is governed by the Fair Debt Collection Practices Act. In this case, the debt that Defendants have been attempting to collect, was incurred for personal, family and/or household use and thus, the Defendants' collection efforts are governed by the FDCPA.

11. Moreover, the Defendants' business model is such that it charges no costs or fees to the HOAs on behalf of which it attempts to collect debts. Defendants merely provide a schedule of fees to a HOA board of directors and informs that they will merely seek these costs from the delinquent homeowner only. Typically, the HOA board of directors signs a contract reciting these terms with EE without ever amending its by-laws or passing resolutions allowing Defendant EE to unilaterally charge its Bogus Charges to the homeowner. Moreover, EE has over the past several years and to this day, advertised on its website, that it does not charge fees and costs to home owners associations.

12. Upon information and belief, the HOA's by-laws allow it to charge back costs of collecting a delinquent home owner's account, including reasonable attorneys' fees, to a homeowner's account. However, none of the fees

3

charged by EE to Plaintiffs or any other consumer are ever charged back to the respective HOA. Hence, no HOA incurs any costs of collection when it turns its delinquent home owners accounts over to Defendants for collection. Without a basis in contract or law, any and all of the charges that Defendant seeks to collect from delinquent homeowners, violate the Fair Debt Collection Practices Act, as more particularly identified below, as they are charges that are not expressly authorized by the agreement creating the debt (via the HOA's by laws) nor permitted by law. ("Bogus Charges").

13. In connection with its attempts to collect the Debt from Plaintiffs, the Defendants have also attempted to collect a raft of Bogus Charges from the Plaintiff.

14. In January 2018, Plaintiffs received a notice from Defendant threatening to place on lien on their home if they didn't pay the Alleged Debt.

15. In February 2018, Plaintiffs made a payment of $1,142.00 to Defendant toward the Debt. This payment included not only the $235 that Plaintiffs owed on the HOA dues, but also included Bogus Charges.

16. In March 2018, Plaintiffs received a letter from Defendant stating that Defendant charged $650.00 of collection costs to Plaintiffs' account. This is also a Bogus Charge.

17. On or about April 17, 2018, Plaintiffs received a Statement of Account from Defendant showing that Defendant assessed them the following Bogus Charges:

    a. A "FDCPA Compliance Assurance/Pre-Lien" fee was charged on 10/06/2017 in the amount of $270.00;

    b. A "Lien Recording and Discharge" fee was charged on 01/19/2018 in the amount of $395.00;

    c. An "Escalated Outreach (EDO) Service" fee was charged on 02/07/2018 in the amount of $350.00;

    d. An "EDO 2" fee was charged on 02/14/2018 in the amount $100.00;

    e. An "EDO 3" fee was charged on 02/21/2018 in the amount $100.00;

    f. An "EDO 4" fee was charged on 02/28/2018 in the amount $100.00; and

    g. A "Post Outreach Lien Enforcement (Pole)" fee was charged on 03/13/2018 in the amount of $650.00;

    h. In total, the Defendant Equity Experts has attempted to collect $1,965.00 in fees for failing to pay a $235 HOA debt.

18. All of these fees are Bogus Charges. The Defendants' attempt to collect each of these fees violates the Fair Debt Collection Practices Act as the

Plaintiffs never agreed to any of these assessments and there was never any duty by the Plaintiffs to pay any of these.

19. As a direct and proximate cause of Defendant's assessing these Bogus Charges and collecting some of them, each Plaintiff has suffered pecuniary and emotional damages as result of Defendants' actions.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiffs reincorporate the preceding allegations by reference.
21. At all relevant times, Defendants, in the ordinary course of their business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
22. Plaintiffs are "consumers" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.
23. Each Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).
24. Defendants' foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692e by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of the alleged Debt and charged bogus and illegal fees for which the Plaintiffs were never liable for under contract or statute;
   b. 15 U.S.C. § 1692f by collecting any amount not permitted by law. None of the Bogus Charges were ever an obligation by either of the Plaintiffs to pay.

25. As a direct and proximate cause of the Defendants' actions, Plaintiffs have continued to suffer from emotional distress. Defendants have willfully charged Plaintiffs illegal fees and charging for services that were allegedly performed, costing Plaintiffs economic opportunities.
26. Plaintiffs have suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiffs request that the Court grant them the following relief against the Defendant:

   a. Actual damages;
   b. Statutory damages;

c. Statutory costs and attorneys' fees; and

d. Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

DATED: July 18, 2018

                                  Respectfully Submitted,

                                  By: /s/ Douglas Twait
                                       Douglas Twait
                                       1181 Roma, Roseville MN 55113
                                       (612) 418-7470
                                       dtwait@comcast.net
                                       Attorneys for Plaintiffs,
                                       Deborah Thiel and Donnie Garrison